UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------------x

MATTHEW CORSO,

                                           Plaintiff,       FIRST AMENDED COMPLAINT

            -against-

                                                             17 Civ. 6096 (NRB)

JOSE CALLE-PALOMEQUE and JANE DOE #1,

                                                             **JURY TRIAL DEMANDED**

                                           Defendants.

---------------------------------------------------------------------x

Plaintiff Matthew Corso, by his attorneys, MoutonDell'Anno LLP, respectfully alleges:

## NATURE OF THE ACTION

1. This is an action to recover money damages arising out of the violation of Mr. Corso's rights under the Constitution of the United States.

## JURISDICTION AND VENUE

2. This action is brought pursuant to 42 U.S.C. §§ 1983 and 1988, and the Fourth, Fifth, and Fourteenth Amendments to the Constitution of the United States.

3. The jurisdiction of this Court is predicated upon 28 U.S.C. §§ 1331, 1343, and 1367(a).

4. Venue is proper in this district pursuant to 28 U.S.C. §§ 1391(b) and (c).

## JURY DEMAND

5. Mr. Corso demands a trial by jury in this action.

## PARTIES

6. Plaintiff Matthew Corso is a resident of the County of Kings, State of New York.

7. The City of New York operates the New York City Police Department ("NYPD"), a department or agency of Defendant City of New York.

8. The NYPD is responsible for the appointment, training, supervision, promotion, and discipline of police officers and supervisory police officers, including the individually named defendants herein.

9. At all times relevant herein, Defendant Jose Calle-Palomeque was an officer, employee, and/or agent of the NYPD.

10. At all times relevant herein, Defendant Calle-Palomeque was acting within the scope of his employment with the NYPD.

11. At all times relevant herein, Defendant Calle-Palomeque was acting under color of state law.

12. Defendant Calle-Palomeque is sued in his individual and official capacities.

13. At all times relevant herein, Defendant Jane Doe # 1 was a supervisor, officer, employee, and/or agent of the NYPD.

14. At all times relevant herein, Defendant Jane Doe # 1 was acting within the scope of her employment with the NYPD.

15. At all times relevant herein, Defendant Jane Doe # 1 was acting under color of state law.

16. Defendant Jane Doe # 1 is sued in her individual and official capacities.

17. The name Jane Doe # 1 is fictitious, her true name being unknown to Mr. Corso at this time.

## STATEMENT OF FACTS

18. On February 24, 2016, at approximately 2:00 p.m., Mr. Corso was lawfully present no the "L" train when it arrived at its stop at the 14th Street-Union Square stop in Manhattan.

19. Upon exiting from the train onto the platform, Mr. Corso was stopped by Defendants Calle-Palomeque and Jane Doe # 1, both of whom were in plainclothes.

20. Mr. Corso was carrying no illegal contraband or items, and had not acted in any illegal manner.

21. The individual defendants had no reasonable suspicion or probable cause to stop Mr. Corso.

22. The officers grabbed Mr. Corso by the arm and asked him if he knew why they stopped him.

23. When Mr. Corso told them that he did not know, the individual defendants reached into his back pocket and removed a knife that he had in his back pocket.

24. The individual defendants would later allege that they predicated their stop and search on the fact that they observed Mr. Corso with a black metal clip clipped to his rear, right-side pants pocket.

25. The individual defendants were aware that their pretext for stopping and searching Mr. Corso was unlawful, given that the pretext of seeing a knife clip on a pants pocket has been rejected by both State and Federal Courts in New York. *See, e.g.*, *United States v. Irizarry*, 509 F. Supp. 2d 198, 209 (E.D.N.Y. 2007) (finding that arresting officer lacked reasonable suspicion to stop and search defendant where "the officer seized defendant based solely on seeing a metal clip protruding from his pocket."); *People v. Sosa*, 2008 WL 4107483, at *6 (Dist. Ct. Nassau Sept. 5, 2008) (where "search and seizure of the Defendant was predicated upon these observations of the clip and outline of a folding knife ... [t]he People have failed to provide any evidence or basis to believe that prior to the knife here in question being seized, Officers Perez had any reason to

believe that the clip and portion of the knife he observed was an illegal weapon."); *People v. Cruz*, 963 N.Y.S.2d 506, 510 (App. Term 2013) ("It was impermissible for [Officer] Kekatos to pull the gravity knife out from defendant's left side pants pocket, solely based on the officer's observation of a clip attached to that pocket."); *People v. Mendez*, 894 N.Y.S.2d 9, 10 (2009).

26. The individual defendants had no reasonable suspicion or probable cause to search Mr. Corso.

27. The knife inside Mr. Corso back pocket was a model number CK5TBS Smith & Wesson-branded knife manufactured by Taylor Brands LLC that Mr. Corso uses for work.

28. The knife is a folding knife, with a 3.25-inch blade, and 4.13-inch handle. The blade of the knife locks into the handle using a "liner lock", and can only be released from the handle by unlocking the blade and then manually pushing the blade out of the handle using the thumb knobs.

29. The knife blade cannot readily be opened by the force of gravity or centrifugal force, and does not otherwise meet the definition of a gravity knife as defined under N.Y. Penal L. § 265.00.

30. Morgan Taylor, the President of Taylor Brands, the company which manufactures the subject knife, describes the knife as follows:

> This [knife] as constructed is in no way designed to operate as an assisted opening, an automatic, or a gravity operated folding knife. The knife is designed to operate by an end user utilizing the fixed thumb studs and manually moving the blade out from the closed position into the fully open position. This knife as constructed does include a detent mechanism to help keep the blade in the fully closed position until ready for use.
>
> Taylor Brands does not produce any knives that should be considered to be 'gravity knives'.

31. The individual defendants told Mr. Corso that he was under arrest for possession of a gravity knife, although Mr. Corso objected, stating, in sum and substance, that the knife was legal and was not a gravity knife.

32. The individual defendants knew that the knife was not a gravity knife because, on the "L" train platform, they attempted to use gravity/centrifugal force to open the knife and could not.

33. Mr. Corso's arrest was without probable cause.

34. Mr. Corso transported to a police precinct, upon information and belief, located at 101 East 14th Street, New York, New York. This precinct is also known as "Transit District 4".

35. Once at the precinct, Mr. Corso was placed cuffed on a bench.

36. While on the bench, he observed as Officer Calle-Palomeque repeatedly and forcefully manipulated the parts of the knife in an attempt to loosen the blade, and attempted to open the knife forcefully using one hand.

37. The individual defendants then spoke with the New York County District Attorneys' Office, individually and collectively lying to the New York County District Attorney's Office that Mr. Corso had violated New York Penal Law § 265.01(1) (criminal possession of a weapon in the fourth degree) and New York Transit Rules of Conduct § 1050.8.

38. Based on these fabricated allegations, the New York County District Attorney's Office forwarded to the individual defendants a Criminal Court Complaint.

39. Upon information and belief, the Criminal Court Complaint was reviewed and then signed by the individual defendants.

40.     Upon information and belief, when reviewing and signing the Criminal Court Complaint, individual defendants knew the allegations contained therein to be false.

41.     Upon information and belief, the executed Criminal Court Complaint was then forwarded by the individual defendants to the New York County District Attorney's Office.

42.     Legal process was issued against Mr. Corso by the individual defendants.

43.     Mr. Corso was issued a Desk Appearance Ticket which required his appearance in Court on April 12, 2016, to appear in the criminal action.

44.     On April 12, 2016, Mr. Corso appeared in New York County Criminal Court and was arraigned on the foregoing charges.  He was released on his own recognizance and subject to the requirements of N.Y. Crim. Proc. Law § 510.40(2), requiring him to "render himself at all times amenable to the orders and processes of the court." Mr. Corso was directed by the court to reappear in Court on July 27, 2016.

45.     Mr. Corso reappeared in New York County Criminal Court on July 27, 2016.  At that time, he was, again, released on his own recognizance and subject to the requirements of N.Y. Crim. Proc. Law § 510.40(2), requiring him to "render himself at all times amenable to the orders and processes of the court." Mr. Corso was directed by the court to reappear in Court on November 23, 2016.

46.     Mr. Corso reappeared in New York County Criminal Court on November 23, 2016. At that time, the charges against him were dismissed.

47.     During the pendency of the criminal proceeding, the individual defendants forwarded false evidence to the New York County District Attorney's Office, *inter alia*, arrest

reports; complaint reports; evidence vouchers; the manipulated and damaged knife; the fabricated Criminal Court Complaint; and property vouchers.

48. Mr. Corso suffered damage as a result of Defendants' actions.  Mr. Corso was, *inter alia*, deprived of liberty, suffered emotional distress, mental anguish, fear, anxiety, embarrassment, humiliation, and damage to reputation.

49. Defendants, by their conduct toward Mr. Corso as alleged herein, violated Mr. Corso's rights guaranteed by 42 U.S.C. § 1983, the Fourth, Fifth, and Fourteenth Amendments to the Constitution of the United States.

50. As a direct and proximate result of this unlawful conduct, Mr. Corso sustained the damages alleged herein.

### FIRST CAUSE OF ACTION
*Unlawful Stop and Search*

51. Mr. Corso repeats and realleges each and every allegation as if fully set forth herein.

52. Defendants violated the Fourth and Fourteenth Amendments because they stopped and searched Mr. Corso without reasonable suspicion.

53. As a direct and proximate result of this unlawful conduct, Mr. Corso sustained the damages alleged herein.

### SECOND CAUSE OF ACTION
*Denial of Right to a Fair Trial*

54. Mr. Corso repeats and realleges each and every allegation as if fully set forth herein.

55. The individual defendants created false evidence against Mr. Corso.

56. The individual defendants forwarded false evidence to prosecutors in the New York County District Attorney's Office.

57. In creating false evidence against Mr. Corso, and in forwarding false evidence to prosecutors, the individual defendants violated Mr. Corso's right to a fair trial under the Due Process Clause of the Fifth and Fourteenth Amendments of the Constitution of the United States.

58. All of the false evidence, and, in particular, the knife that had been manipulated and damaged so that its blade swung freely through the use of gravity and/or centrifugal forces, was likely to influence a jury's decision in the underlying criminal matter.

59. As a direct and proximate result of this unlawful conduct, Mr. Corso sustained the damages alleged herein, including a deprivation of his liberty.

## THIRD CAUSE OF ACTION
*Failure to Intervene*

60. Mr. Corso repeats and realleges each and every allegation as if fully set forth herein.

61. Those individual defendants that were present but did not actively participate in the aforementioned unlawful fabrication of evidence including the manipulation and damaging of the knife, observed the drafting of the fabricated arrest reports, the drafting of the fabricated complaint reports, the drafting of the fabricated evidence vouchers, the drafting of the fabricated property vouchers, the drafting of the fabricated Criminal Court Complaint, and the manipulation and damage repeatedly inflicted upon the knife so that its blade swung freely through the use of gravity and/or centrifugal forces.

62. Those individual defendants that were present but did not actively participate in the aforementioned unlawful fabrication of evidence also observed the transmission of all of this fabricated evidence to the New York County District Attorney's Office.

63. Those individual defendants that were present but did not actively participate in the aforementioned unlawful fabrication of evidence had an opportunity to prevent both the creation

of the fabricated evidence and its transmission to the New York County District Attorney's Office; had a duty to intervene and prevent such conduct; and failed to intervene.

64. Accordingly, the individual defendants who failed to intervene violated the Fourth, Fifth, and Fourteenth Amendments of the Constitution of the United States.

65. As a direct and proximate result of this unlawful conduct, Mr. Corso sustained the damages alleged herein.

### PRAYER FOR RELIEF

WHEREFORE, Mr. Corso respectfully requests judgment against Defendants as follows:

(a)  Compensatory damages against all defendants, jointly and severally;

(b)  Punitive damages against the individual defendants, jointly and severally;

(c)  Reasonable attorney's fees and costs pursuant to 28 U.S.C. § 1988; and

(d)  Such other and further relief as this Court deems just and proper.

Dated: New York, New York
October 25, 2018

By:  /s/
Gregory P. Mouton, Jr., Esq.
MoutonDell'Anno LLP
*Attorneys for Plaintiff Matthew Corso*
305 Broadway, 7th Floor
New York, NY  10007
Phone & Fax: (646) 706-7481

17 Civ. 6096 (NRB)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

MATTHEW CORSO,

Plaintiff,

-against-

JOSE CALLE-PALOMEQUE and JANE DOE #1,

Defendants.

FIRST AMENDED COMPLAINT

**MOUTON**DELL'ANNO **LLP**

305 Broadway, 7th Floor
New York, NY  10007
Phone & Fax: (646) 706-7481