```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------X
MATTHEW CORSO,

                Plaintiff,
                                              MEMORANDUM AND ORDER
           - against -
                                              17 Civ. 6096 (NRB)
CITY OF NEW YORK, JOSE CALLE-PALOMEQUE,
and JANE DOE #1,

                Defendants.
----------------------------------------X
```

**NAOMI REICE BUCHWALD**
**UNITED STATES DISTRICT JUDGE**

Plaintiff Matthew Corso brought this suit against the City of New York and two officers of the New York City Police Department -- Officer Jose Calle-Palomeque and the as yet unidentified Officer Jane Doe -- alleging that his constitutional rights were violated in a litany of ways when he was stopped and frisked by the officers and throughout his subsequent arrest and prosecution. In a Memorandum and Order dated September 20, 2018, the Court dismissed in substantial part Corso's complaint for failure to state a claim. See Corso v. City of New York, No. 17 CIV. 6096 (NRB), 2018 WL 4538899 (S.D.N.Y. Sept. 20, 2018). As relevant here, that Memorandum and Order (1) granted in its entirety the City of New York's motion to dismiss; (2) denied the individual defendants' motion to dismiss Corso's claim of an unlawful stop and search; and (3) granted *sua sponte* Corso leave to replead his claim of evidence fabrication against Officer Calle-Palomeque, as well as

his claim of failure to intervene against Officer Doe to the extent it was based on Officer Calle-Palomeque's alleged fabrication of evidence. In light of that decision, Corso filed an amended complaint on October 25, 2018 ("the FAC"). Before the Court now is the remaining defendants' partial motion to dismiss, which seeks the dismissal of the two repleaded claims in the FAC. For the reasons that follow, that motion is denied.

I. **Background**

The facts of this case are summarized in great detail in the Court's prior Memorandum and Order. Relying on that lengthy opinion for a basic recounting, this opinion sets forth only those facts -- including the facts newly alleged in the FAC -- needed to understand the resolution of the pending motion. The facts alleged by Corso, to the extent well-pleaded, are accepted as true.

On February 24, 2016, plaintiff was traveling on the L subway train when it arrived at the 14th Street-Union Square stop in Manhattan. FAC ¶ 18. After exiting the train and stepping onto the platform, plaintiff was stopped by Officer Calle-Palomeque and Officer Jane Doe (collectively, the "officers"). Id. ¶ 19. Plaintiff was asked by the officers if he knew why he was stopped. Id. ¶ 22. When plaintiff replied that he did not know why he was stopped, the officers pulled a "CK5TBS Smith & Wesson-branded knife" out of plaintiff's back pocket. Id. ¶ 27. That knife is a folding knife that can only be released from the handle using

2

thumb knobs and cannot readily be opened by the force of gravity. Id. ¶¶ 28-29. The officers arrested defendant for possession of a gravity knife even though the officers were unsuccessful in their attempts to open the knife using gravity on the subway platform. Id. ¶¶ 31-32. Plaintiff was subsequently brought to a police precinct, where he observed Officer Calle-Palomeque manipulating the knife in an attempt to loosen the blade so that the knife could be opened forcefully with one hand. Id. ¶ 36.

The officers told the New York County District Attorney's Office (the "District Attorney's Office") that plaintiff had violated New York Penal Law § 265.01(1)[1] and New York Transit Rule of Conduct § 1050.8.[2] Id. ¶ 37. Relying on the officers' information, the District Attorney's Office drafted a criminal court complaint that was signed by the officers, and plaintiff was issued a desk appearance ticket[3] that required his appearance in

---

[1] Section 265.01(1) of the New York Penal Law criminalizes the possession of, inter alia, gravity knives. N.Y. Penal Law § 265.01(1). Section 265.00(5) in turn defines "gravity knife" to be "any knife which has a blade which is released from the handle or sheath thereof by the force of gravity or the application of centrifugal force which, when released, is locked in place by means of a button, spring, lever or other device." Id. § 265.00(5). The Court notes that the constitutionality of this law has been called into question on vagueness grounds. See Cracco v. Vance, No. 14 CIV. 8235 (PAC), 2019 WL 1382102 (S.D.N.Y. Mar. 27, 2019) (finding the law unconstitutionally vague as applied); cf. Copeland v. Vance, 893 F.3d 101, 122 (2d Cir. 2018) (denying a facial challenge to the constitutionality of the law on vagueness grounds, but acknowledging that "legitimate questions have been raised about the statute's implementation").

[2] Section 1050.8 of the Transit Rules of Conduct provides in relevant part that: "No weapon, dangerous instrument, or any other item intended for use as a weapon may be carried in or on any facility or conveyance [of the New York City Transit Authority]." N.Y.C.R.R. § 1050.8.

[3] Under New York law, police officers have "discretion in certain cases to issue a so-called desk appearance ticket ("DAT") to an arrestee rather than

New York County Criminal Court on April 12, 2016. Id. ¶ 43. Plaintiff appeared in New York County Criminal Court on April 12, 2016; July 27, 2016; and November 23, 2016. Id. ¶¶ 44-46. At the last appearance, all charges against plaintiff were dismissed. Id. ¶ 46. During the course of plaintiff's criminal court appearances, the officers forwarded false evidence and made false statements concerning the nature of the knife found on plaintiff's person to the District Attorney's Office. Id. ¶ 47. Plaintiff now brings the present complaint alleging, inter alia, that Officer Calle-Palomeque fabricated evidence in violation of plaintiff's constitutional right to a fair trial and that Officer Doe failed to intervene to prevent that constitutional violation. Id. ¶¶ 57, 64.

## II. Discussion

On a motion to dismiss, the familiar 12(b)(6) standard applies. "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citation and internal quotation marks omitted). We accept all factual allegations as true and draw all reasonable inferences in the plaintiff's favor. Biro v. Condé Nast, 807 F.3d 541, 544 (2d Cir. 2015).

---

holding him or her in custody until a judge is available to conduct an arraignment." Bryant v. City of New York, 404 F.3d 128, 132 (2d Cir. 2005) (citing N.Y.Crim. Proc. Law §§ 150.10(1), 150.20 (McKinney 2004)).

To state a § 1983 claim for fabrication of evidence, a plaintiff must plausibly allege that an "(1) investigating official (2) fabricate[d] evidence (3) that [was] likely to influence a jury's decision, (4) forward[ed] that information to prosecutors, and (5) the plaintiff suffer[ed] a deprivation of liberty as a result." Jovanovic v. City of New York, 486 F. App'x 149, 152 (2d Cir. 2012). Defendants' motion focuses on the fifth of these elements: causation. See Zahrey v. Coffey, 221 F.3d 342, 348 (2d Cir. 2000) (explaining that, unless "[t]he manufacture of false evidence" causes a deprivation of liberty, it "does not impair anyone's constitutional right"). In particular, defendants contend that plaintiff has failed to plausibly allege a violation of any constitutional right because, even if the officers used fabricated evidence to convince prosecutors that plaintiff had carried a gravity knife in violation of New York Penal Law § 265.01(1), plaintiff still would have been haled into criminal court -- and thus deprived of liberty -- for his independent violation of New York Transit Rule of Conduct § 1050.8. Cf. Coleman v. City of New York, 688 F. App'x 56, 58 (2d Cir. 2017) (holding that plaintiff failed to establish a deprivation of liberty for purposes of a malicious prosecution claim, even though he had been required to appear in court "more than a dozen times over two years" on the improperly-marshaled charges, because he "still would have had the obligation to appear on account of []

5

other [valid] charges"). The parties therefore spill much ink disputing whether a citation for failure to comply with New York Transit Rule of Conduct § 1050.8, which is statutorily defined as a violation rather than a criminal misdemeanor, could have resulted in an arraignment and prosecution in New York County Criminal Court. See N.Y.C.R.R. § 1050.10. Regardless of the answer to that question -- which the Court declines to reach -- plaintiff has sufficiently alleged that he suffered a liberty deprivation to survive defendants' motion to dismiss.

Contrary to defendants' contention, a plaintiff need not allege "that his liberty was deprived *solely* because of the alleged fabrication of evidence" in order to state a cognizable fair trial claim. Def.'s Br., ECF No. 34, at 8 (emphasis in original); see Garnett v. Undercover Officer C0039, 838 F.3d 265, 277 (2d Cir. 2016). Rather, even if "other, similar charges were brought alongside charges based on allegedly fabricated evidence," Collins v. City of New York, No. 14 CIV. 08815 (AJN), 2019 WL 1413999, at *3 (S.D.N.Y. Mar. 29, 2019), "a plaintiff can still prevail on a fair trial claim if fabricated evidence cause[d] some 'further deprivation,'" id. at *2 (quoting Ganek v. Leibowitz, 874 F.3d 73, 91 (2d Cir. 2017)). Such further deprivation can include "the prosecutor's decision to [actually] pursue charges rather than to dismiss the complaint without further action." Garnett, 838 F.3d at 277. The addition of a "[second] charge based on fabricated

evidence could plainly result in [this sort of] further deprivation," as "it could influence a prosecutor's 'assessment of the strength of the case'" overall. Collins, 2019 WL 1413999, at *3 (alteration omitted) (quoting Garnett, 838 F.3d at 277).

With this framework in mind, it is plausible on the facts alleged in the FAC that the addition of the gravity knife charge against plaintiff -- based, as it allegedly was, on fabricated evidence -- resulted in the requisite deprivation of liberty. This is particularly so given that, without that charge, prosecutors would have been presented with no more than an alleged "violation" under New York Penal Law § 10.00 -- a category of non-misdemeanor offenses, such as loitering and unlawfully posting advertisements, which are frequently overlooked by prosecuting authorities altogether. See Evans v. City of New York, No. 12 CIV. 5341 (MKB), 2015 WL 1345374, at *7 (E.D.N.Y. Mar. 25, 2015) (denying summary judgment because "a reasonable jury could find that Plaintiff's . . . court appearances . . . were the result of the [allegedly improper] misdemeanor charges for which she was ultimately acquitted, and not the traffic infractions for which she was convicted."). The plausibility of plaintiff's assertion that the improper gravity knife charge "precipitate[d] the sequence of events that resulted in" his arraignment and prosecution is reinforced by the fact that prosecutors offered him an adjournment in contemplation of dismissal, Zahrey, 221 F.3d at 348, indicating

7

"that *even with* the inclusion of the [fabrication-based charge], they doubted whether to pursue the[] prosecution[]," Collins, 2019 WL 1413999, at *3 (emphasis in original). And because all of the charges were ultimately dismissed simultaneously, this case is distinct from others where no further liberty deprivation was found because "the sole charge based on allegedly falsified evidence was dropped while the other charges were subsequently pursued -- showing that the prosecution *did* in fact continue without the fabricated evidence." Id. (emphasis in original) (citing Polanco v. City of New York, No. 14 CIV. 7986 (NRB), 2018 WL 1804702, at *12 (S.D.N.Y. Mar. 28, 2018)).

Accordingly, we cannot conclude that "the prosecution would [not] have dropped these charges at an earlier stage had there been only one charge instead of two." Collins, 2019 WL 1413999, at *3. Plaintiff has therefore plausibly alleged a liberty deprivation sufficient to support his fair trial claim against Officer Calle-Palomeque, and defendants' motion to dismiss that claim is denied. Necessarily, defendants' motion to dismiss plaintiff's failure to intervene claim against Officer Doe is likewise denied, as the sole basis for that motion was that there was no predicate fair trial violation that could have required intervention.

## III. Conclusion

For the foregoing reasons, defendants' motion to dismiss is denied. The parties should confer and submit a discovery schedule consistent with the Court's Individual Practices by May 1, 2019.

The Clerk of Court is respectfully directed to terminate the motion pending at Docket Number 32.

**SO ORDERED.**

Dated: New York, New York
April 11, 2019

NAOMI REICE BUCHWALD
UNITED STATES DISTRICT JUDGE